# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                 www.innd.uscourts.gov

February 1, 2022

Bank of America, National Association
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

**RE:   United States of America v. Shull, et al.; Case No. 1:19-CV-00122**

Dear Sir or Madam,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Bank of America. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,


/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                                           www.innd.uscourts.gov

February 1, 2022

Crossroads Financial Federal Credit Union, f/n/a Portland Forge FCU
Attn: Highest Officer
P.O. Box 896
1102 W. Votaw Street
Portland, IN 47371

**RE:   United States of America v. Shull, et al.; Case No. 1:19-CV-00122**

Dear Sir or Madam,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Bank of America. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,


/s/ Gary T. Bell_____
Gary T. Bell
Clerk of Court
Northern District of Indiana

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                 www.innd.uscourts.gov

February 1, 2022

Clifford Johnson, United States Attorney
US Attorney's Office - FW/IN
1300 S. Harrison St. Rm. 3128
Fort Wayne, IN 46802

**RE:**   **United States of America v. Shull, et al.; Case No. 1:19-CV-00122**

Dear Mr. Johnson,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Bank of America. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,


/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**                                                                 www.innd.uscourts.gov

February 1, 2022

Kenneth D. Shull
650 W. 3rd Street
Portland, IN 47371

**RE:    United States of America v. Shull, et al.; Case No. 1:19-CV-00122**

Dear Mr. Shull,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Bank of America. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,


/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

**Gary T. Bell, Clerk**  www.innd.uscourts.gov

February 1, 2022

Portfolio Recovery Associates, LLC
c/o Corporation Service Company, Registered Agent
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

**RE:**  **United States of America v. Shull, et al.; Case No. 1:19-CV-00122**

Dear Sir or Madam,

I have been contacted by Judge Holly A. Brady, who presided over the above-mentioned case.

Judge Brady informed me that it has been brought to her attention that while she presided over the case, she owned stock in Bank of America. Her ownership of stock neither affected nor impacted her decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Brady directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Brady's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before February 15, 2022. Any response will be considered by another judge of this court without the participation of Judge Brady.

Sincerely,

/s/ Gary T. Bell
Gary T. Bell
Clerk of Court
Northern District of Indiana

2